CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 29 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHIE HANSFORD CONNER, | ) | |
| Plaintiff, | ) | Civil Action No. 7:10-cv-00043 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DR. KEITH LONG, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Richie Hansford Conner, a federal inmate proceeding pro se, filed this complaint, pursuant to 42 U.S.C. § 1983, alleging that the defendants provided inadequate medical care and subjected him to cruel and unusual punishment when he was housed at the Harrisonburg Regional Jail ("HRJ") in 2007. The court finds that Conner's claims are untimely filed and, therefore, dismisses this action.

I.

Conner alleges that he was incarcerated at HRJ in 2007. He states that upon his arrest, he was brought to HRJ while he was still under the influence of drugs, which he claims he had been ingesting for years. He states that his withdrawal symptoms began "immediately" and the pain was "unbearable." He argues that although the jail tested him for drugs and determined that he tested positive, the defendants gave him no relief from the withdrawal symptoms. He states that their failure to provide him relief was cruel and unusual punishment and deliberate indifference. He also claims that his companion brought prescription medication to him at the jail but that the defendants destroyed this medication rather than administer it to him. As relief, Conner seeks $750,000.00 in damages.

II.

The court finds that Conner's claims are untimely filed. For purposes of the statute of limitations, § 1983 actions are considered personal injury claims and are governed by the personal

injury statute of limitations and tolling laws in the state where the alleged injury occurred. Lewellen v. Morley, 875 F.2d 118, 120 (7th Cir.1989); see also Hardin v. Straub, 490 U.S. 536, 539 (1989); Wilson v. Garcia, 471 U.S. 261, 279 (1985); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). Conner's claims of alleged constitutional violations took place in Virginia and, therefore, Virginia law concerning statute of limitations governs this case. Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(A); Almond v. Kent, 459 F.2d 200, 203-04 (4th Cir. 1972). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues.

Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. See Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996); United States v. Kubrick, 444 U.S. 111, 122-24 (1979). In this case, Conner's § 1983 claims accrued in 2007 when the alleged constitutional violations took place. Conner filed this action on January 27, 2010,[1] more than two years after the alleged cause of action accrued. Conner does not allege and the court finds no grounds for tolling of the statute of limitations.[2] See Va. Code § 8.01-229. Accordingly, the court finds that Conner's § 1983 claim is barred by the statute of limitations.

---

[1] Although an inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers the signed complaint to prison authorities for mailing to the court, Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991), Conner did not send his complaint directly from his prison to the court. Instead, the court received Conner's complaint from Mr. Mark Duncan from a residential address in Greensboro, North Carolina, and therefore, the prisoner mailbox rule does not apply. See e.g., Wilder v. Chairman of the Cent. Classification Bd., 926 F.2d 367, 370 (4th Cir. 1991); Knickerbocker v. Artuz, 271 F.3d 35 (2d Cir. 2001); Dison v. Whitley, 20 F.3d 185, 187 (5th Cir. 1994). Accordingly, Conner's action commenced on the date the court received his complaint. Fed.R.Civ.P. 3.

[2] Because Virginia's statute of limitations applies to this action, Virginia's rules regarding equitable tolling also apply. See Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999); Lewis v. Gupta, 54 F. Supp. 2d 611, 616 (E.D. Va. 1999) (citations omitted). Although there are several grounds for tolling of the statute of limitations in Virginia, none of the provisions are warranted and applicable to Conner's case.

## III.

For the stated reasons, this action is dismissed as frivolous because it is untimely filed. See Nasim v. Warden, 64 F.3d 951, 954-55 (4th Cir. 1995) (affirming district court's sua sponte dismissal of an in forma pauperis case as frivolous where plaintiff's claims were time-barred by the statute of limitations); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983) (affirming district court's dismissal of claims as frivolous when claims were time-barred by the statute of limitations).

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER:** This 28th day of January, 2010.

United States District Judge